UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GELU TOPA,

      Plaintiff,

v.                                                    Case No:   2:16-cv-737-FtM-29CM

TEOFILO MELENDEZ and
NICHOLAS SHAFFER,

      Defendants.

_____

## ORDER

This matter comes before the Court upon review of Defendants' Motion to quash Subpoena (Doc. 23) filed on July 18, 2017.   Defendants seek to quash Plaintiff's subpoena to depose a non-party witness, Donna Marie Amy, because the name of Defendants' counsel appears on the subpoena as if he requested this subpoena on behalf of Plaintiff.   Docs. 23 at 1; 23-1 at 2.   Counsel states that he neither issued nor requested the subpoena.   Doc. 23 at 2.   Plaintiff is currently proceeding *pro se* and opposes the requested relief.   Docs. 1; 23 at 2.

The Court first notes that even if Plaintiff is proceeding *pro se*, he "must follow the rules of procedure," and "the district court has no duty to act as his lawyer." *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) (citations omitted).   Accordingly, Plaintiff must follow the Federal Rules of Civil Procedure to issue a proper subpoena.   *See id.*

Rule 45 of the Federal Rules of Civil Procedure designates two ways to issue a subpoena: either (1) the Clerk of Court may issue a subpoena, signed but otherwise

in blank, to a party who requests it, or (2) an attorney authorized to practice in the issuing court may issue and sign a subpoena.  Fed. R. Civ. P. 45(a)(3).  Here, the subpoena and the motion show that neither the Clerk of this Court nor an attorney authorized to practice in this Court signed and issued the subpoena at issue.  Doc. 23-1 at 2.

Rule 45 also mandates the Court to quash a subpoena that does not provide a reasonable time to comply.  Fed. R. Civ. P. 45(d)(3)(A)(i).  Here, according to this case's Case Management and Scheduling Order, discovery closed on July 3, 2017.  Doc. 22 at 1.  Yet, the subpoena shows that Plaintiff seeks to conduct a deposition on July 20, 2017, approximately three weeks after the discovery deadline had expired.  Docs. 23-1 at 2.  Furthermore, it is questionable whether Plaintiff complied with Local Rule 3.02, which requires a person desiring to take a deposition to provide at least fourteen days notice in writing to every other party and to the deponent.  M.D. Fla. R. 3.02.   As a result, the Court will quash the subpoena.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendants' Motion to quash Subpoena (Doc. 23) is **GRANTED**.   The subpoena (Doc. 23-1 at 2) is **QUASHED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 18th day of July, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Gelu Topa *pro se*