UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GELU TOPA,

    Plaintiff,

v.                        Case No: 2:16-cv-737-FtM-29CM

TEOFILO MELENDEZ, Correctional Officer and NICHOLAS SHAFFER, Deputy,

    Defendants.

## **OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #8) filed on November 15, 2016. Plaintiff filed a Response (Doc. #11) on December 15, 2016. The motion will be reviewed *de novo* in light of the remand.[1] (Doc. #39.)

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a

---

[1] Because the Court found that Heck v. Humphrey, 997 F.2d 355, 357 (7th Cir. 1993) barred plaintiff's claims, the sufficiency of the allegations were not previously reviewed. (Doc. ##2, p. 4 n.4.)

formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether

they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

By way of a Civil Rights Complaint Form (Doc. #1), construed as a Complaint, plaintiff Gelu Topa (Topa) filed suit against defendants Teofilo Melendez and Nicholas Shaffer of the Collier County Sheriff's Office. Under "Statement of Claim", plaintiff appears to assert four claims: (1) a violation of his due process rights, presumably under the Fourteenth Amendment; (2) false arrest in violation of his Fourth Amendment rights; (3) false imprisonment because plaintiff alleges that he was unlawfully imprisoned; and (4) conspiracy by the officers.

The facts set forth in the complaint, taken as true at this stage of the proceedings are as follows:

On September 30, 2012, plaintiff was arrested for a domestic disturbance involving his wife. A temporary restraining order (TRO) was issued against plaintiff on October 5, 2012. On October 24, 2012, plaintiff called the Collier County Sheriff's Office and spoke to Sergeant Rodrigues about obtaining certain paperwork because he had proof on a laptop that his wife was setting him up, and he needed to get the registration and insurance information from the car but the TRO prevented him going to the car because the wife was driving it. Plaintiff also indicated that he believed

she would incur parking tickets because the insurance information was expired, and he needed to update it. Sergeant Rodrigues stated that she would send an officer to plaintiff's home to help him.

Plaintiff waited and opened the door for the later identified Officer Shaffer. The officer entered the house, and initially looked through all the rooms of the apartment. After another 30 minutes "with officer Shaffer", a younger officer with a different colored uniform "forcefully" entered the apartment and read plaintiff his Miranda rights. This younger officer stated that plaintiff had been in his wife's parking lot, which he denied, but he was told to call his lawyer because "two people is enough for me". The unidentified younger officer jumped on plaintiff, tightly handcuffed him, pulled him up from the carpet, and then pushed him out of the house while plaintiff screamed in pain. He was placed in Shaffer's car.

The younger officer's vehicle was nowhere to be seen, "like he did the night before", so plaintiff knew he was in danger. Plaintiff alleges that the officer wants to take the laptop because the wife forgot to delete compromising information. Plaintiff alleges that a Correctional Officer, Teofilo Melendez, masterminded the arrest to get the laptop because he knew plaintiff was supposed to see his lawyer that morning.

Plaintiff alleges that he was falsely arrested by "Defendants" based on a false report by Officer Melendez who coerced his wife and co-worker to give false statements. Plaintiff alleges he spent 6 months in jail, 2 years of probation, doctors, therapists, 6 months at David Lawrence youth program, and he had to sleep in a shelter. Plaintiff seeks $500,000 in monetary damages for the 6 months of wrongful imprisonment, but also for abuses while incarcerated by inmates and by solitary confinement, and for destroying his family.

## III.

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "a pro se pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Id.

Defendants argues that Counts I through III should be dismissed because plaintiff fails to allege a policy or custom if defendants were sued officially, and because plaintiff fails to allege that defendants unlawfully restrained or detained plaintiff against his will if the officers were sued individually. The Court

will assume for review purposes that defendants are sued in their individual capacities as no allegations of an official policy, procedure, or custom is at issue.  Defendants further argue that Count IV should be dismissed for failure to make particularized allegations of a conspiracy.

**1. Due Process**

The Fourteenth Amendment protects substantive and procedural due process rights.  AFL-CIO v. City of Miami, Fla., 637 F.3d 1178, 1185 (11th Cir. 2011).  Liberally construed, plaintiff alleges a due process violation based on the wrongful arrest.  The Court finds no substantive due process claim, and a deficient procedural due process claim.

Substantive due process protects only "fundamental" rights under the United States Constitution like marriage, family, and procreation, and the right has not been extended to the tort of false arrest.  Albright v. Oliver, 510 U.S. 266, 272 & 275 (1994) (citing Planned Parenthood of Southeastern Pa. v. Casey, 505 U.S. 833, 847–849 (1992)).  See also McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994).  As discussed below, false arrest is more appropriately a Fourth Amendment issue. See Graham v. Connor, 490 U.S. 386, 395 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment,

not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.").

"Procedural due process requires notice and an opportunity to be heard before any governmental deprivation of a property interest." Zipperer v. City of Fort Myers, 41 F.3d 619, 623 (11th Cir. 1995). Plaintiff alleges that he was given his Miranda[2] rights, what the basis for his arrest was, he noted there were two witnesses, and states that he was imprisoned for 6 months. The Complaint does not allege whether the false arrest interfered with his rights during the prosecution, or if he was jailed without notice, a hearing, or trial. Frankly, there are insufficient facts to support a procedural due process claim as currently pleaded. The motion to dismiss will be granted.

**2. False Arrest and False Imprisonment**

Under Section 1983, any person who under color of state law subjects a citizen "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws," is liable. 42 U.S.C. § 1983. This requires a showing of a state action, or an act under color of state law attributable to the state that

---

[2] Miranda v. Arizona, 384 U.S. 436, 444 (1966).

caused the deprivation of a federal right. <u>Flagg Bros. v. Brooks</u>, 436 U.S. 149, 156 (1978).

In this case, plaintiff alleges false arrest in violation of his Fourth Amendment rights by an officer operating under state law. Plaintiff also alleges false imprisonment, which is a claim based on the protection of the Fourteenth Amendment against deprivation of liberty without due process of law. <u>Ortega v. Christian</u>, 85 F.3d 1521, 1526 (11th Cir. 1996). Both false arrest and false imprisonment are related torts, and false arrest is but one way of committing false imprisonment. <u>Eiras v. State Dep't of Bus. & Prof'l Regulation Div. of Alcoholic Bevs. & Tobacco</u>, 239 F. Supp. 3d 1331, 1344 n.15 (M.D. Fla. 2017) (collecting cases).

**a. False Arrest**

"A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim. [ ] The existence of probable cause at the time of arrest, however, constitutes an absolute bar to a section 1983 action for false arrest." <u>Kingsland v. City of Miami</u>, 382 F.3d 1220, 1226 (11th Cir. 2004) (internal citation omitted). The Complaint alleges that plaintiff was read his <u>Miranda</u> rights, and the unidentified officer stated that he had two witnesses to support his presence, which was enough for him to place plaintiff under arrest. These allegations support probable cause to arrest under the "facts and

circumstances within the officer's knowledge", Kingsland, at 1226, and potentially create an absolute bar to plaintiff's claim of false arrest. Further, the named defendants were not the arresting officers under the facts of the Complaint. Plaintiff alleges that defendant Melendez was the "mastermind" behind the arrest but does not explain what actions he individually took to effectuate the arrest. The motion to dismiss will be granted as to this claim.

**b. False Imprisonment**

To state a claim, plaintiff must allege an "(1)intent to confine, (2) acts resulting in confinement, and (3) consciousness of" the "confinement or resulting harm" by plaintiff. Ortega v. Christian, 85 F.3d 1521, 1526, n.2 (11th Cir. 1996). Plaintiff must also establish that the imprisonment resulted in a violation of his due process. Id. at 1526. Plaintiff does allege an intent to confine by an unidentified officer and possibly defendant Melendez, his arrest and detention, and a consciousness of his seizure and detainment. However, as discussed above, any due process violation is unclear because plaintiff does not allege that he was detained without an opportunity to be heard or knowledge of the charges before he was incarcerated.

**3. Conspiracy**

To establish a claim for conspiracy under Section 1983, plaintiff must show an "underlying actual denial of [his]

constitutional rights." GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1370 (11th Cir. 1998). Plaintiff must show that the conspirators "reached an understanding" to deny plaintiff his rights, and the factual basis may be based on circumstantial evidence. Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir. 2010) (citations omitted). The conspiracy must have also "resulted in an actual denial of one of his constitutional rights." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1327 (11th Cir. 2015) (citation omitted). "Private parties are generally not considered state actors for § 1983 purposes" unless they "act in concert with state officials in violating the plaintiff's constitutional rights." Allaben v. Howanitz, 579 F. App'x 716, 718 (11th Cir. 2014) (citations omitted).

Liberally construed, plaintiff alleges that Melendez knew about a laptop his wife wanted to get a hold of to remove compromising information, and masterminded the arrest to get the laptop. Plaintiff does not allege that the conspiracy was between or included other officers, or what role an officer may have played to jointly deny his constitutional right or rights. The allegations are of an arrest based on the witness testimony of the wife and another individual, and the current facts do not establish a wrongful arrest. The laptop did not play any obvious role in the arrest or plaintiff's imprisonment, and the allegations imply

a conspiracy between plaintiff's wife – a private actor – and only one of the defendants. Since the laptop played no role in a constitutional deprivation, it is irrelevant and plaintiff cannot state a claim for conspiracy. The motion to dismiss will be granted.

The motion to dismiss for failure to state a claim will be granted on all counts without prejudice to filing an amended complaint.

**IV.**

The Court will take this opportunity to provide plaintiff some guidance. The amended complaint must allege facts supporting each of plaintiff's claims and name all parties he wishes to name as defendants. In doing so, plaintiff must specify the actions of each defendant individually without lumping defendants together as a collective "defendants" taking a collective action. Pursuant to Federal Rule of Civil Procedure 10, the allegations should be set forth in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances" Fed. R. Civ. P. 10(b). Further, each claim "founded on a separate transaction or occurrence" must be stated in a separate "Count." Id.

For additional resources and assistance, plaintiff may wish to consult the "Proceeding Without a Lawyer" resources on filing a *pro se* complaint that are provided on the Court's website, at

11

http://www.flmd.uscourts.gov/pro_se/default.htm. The website has tips, answers to frequently-asked questions, and sample forms. There is also a link that, through a series of questions, may help Plaintiff generate the amended complaint.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #8) is **GRANTED** and the Civil Rights Complaint Form is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of August, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record