UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GELU TOPA,

    Plaintiff,

v.                       Case No: 2:16-cv-737-FtM-29CM

TEOFILO MELENDEZ, Correctional Officer and NICHOLAS SHAFFER, Deputy,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #51) filed on October 9, 2018. Plaintiff sought an extension of time to respond, and the motion was granted through November 5, 2018. (Doc. #55.) This deadline has now passed, and no response was filed. Defendant filed a Notice of Plaintiff's Failure to Comply (Doc. #59) on January 14, 2019. For the reasons stated below, the motion to dismiss is due to be granted.

### I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II. BACKGROUND

Plaintiff initiated this case on September 28, 2016. Defendants moved to dismiss the Complaint (Doc. #1) for failure to state a claim, and also moved for summary judgment arguing that the claims were barred under Heck v. Humphrey, 512 U.S. 477 (1994). On September 18, 2017, the Court found that Heck barred plaintiff's claims and therefore the Court declined to address whether the allegations in the Complaint were otherwise sufficiently pled under Fed. R. Civ. P. 12(b)(6). (Doc. #32, p. 4 n.4.) The Complaint was dismissed without prejudice to plaintiff having his conviction vacated. (Id.) Judgment (Doc. #33) was entered and the case was closed.

Plaintiff filed a Notice of Appeal (Doc. #37), and on June 19, 2018, the Eleventh Circuit reversed and remanded the case to consider the other grounds for dismissal finding a lack of notice to plaintiff of a dismissal based on Heck, which was not argued on the motion to dismiss. On remand, the Court vacated the Opinion and Order (Doc. #32) and Judgment (Doc. #33), reopened the case, and reactivated defendants' motion to dismiss. (Doc. #42.) The Eleventh Circuit noted that plaintiff is no longer incarcerated.

On August 6, 2018, the Court issued an Opinion and Order (Doc. #43) finding a failure to state a claim, and dismissing the Complaint without prejudice to filing an Amended Complaint in compliance with certain guidelines to comply with Fed. R. Civ. P.

3

10(b).  On August 16, 2018, plaintiff filed his Amended Complaint (Doc. #44).  On September 14, 2018, the Court entered an Order (Doc. #47) striking the Amended Complaint without prejudice to amending because "[a]s currently pled, the Amended Complaint fails to state any plausible claims for relief. The Amended Complaint is in fact not an improvement from the original Complaint, and blatantly ignores the Court's guidance on how to improve the original pleading."  (Doc. #47, p. 3.)

On September 27, 2018, plaintiff filed a Second Amended Complaint (Doc. #48), and defendants have once again moved to dismiss the pleading.

### III. SECOND AMENDED COMPLAINT

Plaintiff presents his "Statement of Claim" as a violation of due process rights because he was falsely arrested, as a violation of his Fourth Amendment right to be free from unreasonable seizure for false imprisonment, and a conspiracy between defendant Teofilo Melendez, plaintiff's own lawyer, and his wife's lawyer.  The only named defendants are Teofilo Melendez, a Correctional Officer, and Nicholas A. Shaffer, a Deputy.

Plaintiff alleges that his lawyer called him on October 23, 2012, about viewing a video on his laptop for the third time at his office on October 25, 2012.  Plaintiff alleges that his lawyer liked to see his wife on video because she is young and beautiful. That same night, Melendez was in plaintiff's parking lot trying to

4

put something illegal in his minivan so plaintiff could be pulled over two days later while he was on his way to see his attorney with the laptop with incriminating evidence about his wife. The wife had the spare keys so Melendez had the keys.

Plaintiff alleges that defendant Deputy Nicholas Schaffer[1] did not write a police report, rather, Melendez wrote the report but did not put his name on it because he is a correctional officer. Plaintiff alleges that Schaffer is an accomplice to the conspiracy because he went along with it.

On October 24, 2012, plaintiff called the Sheriff's Office for assistance and talked to a Sergeant M. Rodrigues. Rodrigues agreed to send an officer to help. As plaintiff was waiting, looking through the blinds, he saw a police vehicle driving slow on the street and stopping a distance away. Schaffer was with a nurse because Rodrigues thought he was high on illegal drugs. However, he was simply on medication that impedes his speech. The nurse remained in the vehicle. Plaintiff invited Schaffer into his home, and he looked around his apartment without speaking. After some time, a different officer entered forcefully into the apartment, and started reading plaintiff his Miranda rights from the front door. When plaintiff inquired why, the officer said

---

[1] Schaffer is also later referred to as Corporal.

5

that plaintiff had been in his wife's parking lot. Plaintiff tried to argue otherwise, but the officer told plaintiff to call his lawyer, and "two people is enough for me." Schaffer transported plaintiff to jail.

Plaintiff asserts that his lawyer Salim Bazaz was the only person who knew of the incriminating evidence on the laptop. Plaintiff asserts that he spent an unnecessary 6 months in jail, two years of probation, 6 months at David Lawrence, and he had to sleep in a shelter. Plaintiff is seeking $500.00 in damages for the wrongful imprisonment, "for the abuse of some bilingual inmates and the bilingual snitch" used to monitor plaintiff because "[h]e used his position in jail because he works in jail." Also, for the pain and suffering of not having his medication for his inguinal hernia surgery because of Melendez, who liked his wife.

## IV. MOTION TO DISMISS

Liberally construed, plaintiff alleges false arrest, a seizure of his person in violation of his Fourth Amendment rights, false imprisonment, and conspiracy.

The false arrest and false imprisonment claims fail for the same reasons previously stated in the August 6, 2018, Opinion and Order. (Doc. #42, pp. 7-9.) The claims are related as plaintiff alleges that the imprisonment was a result of the false arrest. Rankin v. Evans, 133 F.3d 1425, 1431 n.5 (11th Cir. 1998) ("[U]nder Florida law 'false arrest and false imprisonment are different

6

labels for the same cause of action.'" (citation omitted)). As a preliminary matter, plaintiff does not clearly identify actions attributable to the named defendants that lead to the arrest or his imprisonment. Plaintiff alleges that Schaffer was the driver of the vehicle that transported plaintiff to jail, but makes no effort to allege what actions Schaffer took to contribute to his false arrest or false imprisonment. Neither Melendez or Schaffer are alleged to have taken part in the arrest itself.

"To state a claim for conspiracy under § 1983, a plaintiff must allege that (1) the defendants reached an understanding or agreement that they would deny the plaintiff one of his constitutional rights; and (2) the conspiracy resulted in an actual denial of one of his constitutional rights." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1327 (11th Cir. 2015). To the extent that plaintiff asserts an unlawful seizure of his laptop without a warrant or probable cause as the object of the conspiracy, the allegations remain insufficient. Plaintiff argues that the arrest was orchestrated for the sole purpose of obtaining the laptop, but plaintiff does not allege anything to negate the fact that the arrest was made by an unidentified officer based on the testimony of two individuals. Further, the actual arresting officer is not a named defendant, and plaintiff does not argue that the witnesses were paid or were not real, or that defendants falsified police reports. See Hadley v. Gutierrez, 526 F.3d 1324,

1332 (11th Cir. 2008) (Faced with the allegation of falsified police reports on summary judgment, the Court noted "[i]t is not our job to divine a constitutional violation to support Hadley's conspiracy claim" in finding no violation of his constitutional rights). As no understanding or agreement to deny plaintiff his constitutional rights is adequately alleged, the claim fails.

"Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (citation omitted). Exceptions to freely granting leave to amend include "undue delay, bad faith or dilatory motive", a "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). The Court finds that plaintiff has been provided numerous opportunities to amend and to state a claim. The Court finds that further opportunities would be futile, and that a dismissal with prejudice is appropriate.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #51) is **GRANTED** and the Second Amended Complaint is **dismissed with prejudice**.

2. The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of December, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record